SUMMARY ORDER

Petitioner Jing Hui Qian, a native and citizen of the People’s Republic of China, seeks review of a March 4, 2008 order of the BIA affirming the March 22, 2006 decision of Immigration Judge (“IJ”) Terry A. Bain, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jin Whay Chen, a.k.a. Jian Hui Qian a.k.a. Jin Hui Qian, No. A95 687 695 (B.I.A. Mar. 4, 2008), aff'g No. A95 687 695 (Immig. Ct. N.Y. City Mar. 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). “For asylum applications governed by the REAL ID Act of 2005,” such as the petitioner’s, “the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go ‘to the heart of the applicant’s claim.’ ” Diallo v. U.S. Dep’t of Justice, 548 F.3d 232, 234 n. 1 (2d Cir.2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).
The agency’s adverse credibility determination was supported by substantial evidence. There were several internal inconsistencies in Qian’s testimony, as well as inconsistencies between her testimony and the evidence in the record. Such inconsistencies concerned, inter alia, when Qian began practicing Falun Gong, when Chinese authorities began looking for her, and where she practiced Falun Gong in China and with how many other practitioners.[1]
Several of the inconsistencies were between Qian’s testimony and the statements she made during her credible fear interview, which took place at the Los Angeles Detention Center on February 9, 2005, two days after Qian .arrived in the United States. For example, during her credible fear interview Qian reported that, while in China, she practiced Falun Gong in a public park with between nine and ten other people. She subsequently testified, however, that she had practiced either alone in her own home or at the home of a friend with three other people.[2]
Contrary to Qian’s argument, the agency did not err in relying on the record of the credible fear interview in reaching its adverse credibility determination because, inter alia, it contains a detailed account of the questions asked and an *76 swers given and reveals that Qian was asked the particulars of her claim. Cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 179-80 (2d Cir.2004) (addressing factors relevant to determination of whether record of airport interview may be relied upon in making credibility determination). With regard to Qian’s argument that any inconsistencies are attributable to the fact that she was nervous, we have held in the airport interview context that the “mere recitation that [the petitioner] was nervous or felt pressured during an airport interview will not automatically prevent” the agency from relying on the interview in making a subsequent credibility determination. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 396, 397 n. 6 (2d Cir.2005). Accordingly, the agency properly relied on the material inconsistencies between Qian’s testimony and her credible fear interview in reaching its adverse credibility determination.
Because the only evidence of a threat to Qian’s life or freedom depended upon her credibility, the adverse credibility determination in this ease necessarily precludes success on her claims for asylum and withholding of removal, as both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005). Finally, because Qian failed to raise her CAT claim either before the BIA or this Court, we deem that claim abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Qian's arguments regarding potential translation or transcription problems in connection with the hearing before the IJ were not raised before the BIA. Because these arguments were not exhausted, we decline to consider them. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 124 (2d Cir.2007).

. When asked about these discrepancies on cross-examination, Qian attempted to clarify by stating that she told the interviewer that her friend’s home was near the park and that she was "not clear” regarding her earlier statement that she practiced with nine or ten other people.